**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| CAROLINE BROWN, | | |
| 5723 Falkland Place | * | |
| Capitol Heights, MD 20743 | | |
| Prince George's County | * | |
| | | |
| AND | * | |
| | | |
| BARBARA WILLIAMS | * | |
| 5723 Falkland Place | | |
| Capitol Heights, MD 20743 | * | |
| Prince George's County | | |
| | * | |
| Plaintiffs, | | |
| | * | |
| v. | | |
| | * | |
| TOWN OF CAPITOL HEIGHTS | | |
| One Capitol Heights Boulevard | * | |
| Capitol Heights, MD 20743 | | |
| Prince George's County | * | |
| | | |
| SHAWN MALDON | * | |
| 6207 Buckler Road | | |
| Clinton, MD 20735 | * | Civil Action No. 8:25-cv-1336 |
| Prince George's County | | |
| | * | |
| FAITH FORD | | |
| 108 Tunic Avenue | * | |
| Capitol Heights, MD 20743 | | |
| Prince George's County | * | |
| | | |
| AND | * | |
| | | |
| RENITA CASON | * | |
| 6710 Stonehill Road | | |
| Upper Marlboro, MD 20772 | * | |
| Prince George's County | | |
| | * | |
| Defendants. | | |
| | * | |

*     *     *     *     *     *          *     *     *     *     *     *

## COMPLAINT

COME NOW Plaintiffs CAROLINE BROWN and BARBARA WILLIAMS (collectively, "Plaintiffs"), by and through their undersigned counsel, and hereby file this civil action against Defendants SHAWN MALDON, in his individual capacity; RENITA CASON, a/k/a RENITA FORD, in her individual capacity; FAITH FORD, in her individual capacity; and the TOWN OF CAPITOL HEIGHTS (individually the "Defendant" and collectively, "Defendants"), and in support thereof state as follows:

This case arises from a severe and pervasive pattern of sexual harassment, discrimination, and retaliation perpetrated by Defendant Shawn Maldon, the former Mayor of Capitol Heights, against Plaintiffs Caroline Brown and Barbara Williams. Despite having actual notice of Maldon's misconduct through Resolution 2021-13, which formally suspended him from office on January 25, 2021, the Town failed to take adequate remedial measures to prevent his continued harassment of employees and contractors. Throughout their employment from 2021 to 2024, both Plaintiffs endured repeated instances of unwanted sexual advances, physical assault, death threats, stalking, and other forms of intimidation. Maldon's conduct included groping Plaintiffs' breasts and buttocks during public meetings, demanding sexual favors in exchange for continued work, exposing himself at Town Hall, and brandishing firearms. He also engaged in religious discrimination by directing a preacher to throw "Holy water" on Plaintiff Brown during a public meeting. Defendants Cason and Ford enabled and participated in this harassment through an organized "interaction team," unauthorized access of personnel files, and spreading false information about Plaintiffs. The Town's deliberate failure to investigate or take corrective action, despite multiple internal complaints and external reports, allowed the harassment to continue unabated, ultimately forcing Plaintiff Brown into early retirement and causing

both Plaintiffs to suffer severe physical and emotional injuries requiring ongoing medical treatment.

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"); 42 U.S.C. § 1983; 42 U.S.C. § 1985; Maryland State Government Article § 20-606 (Maryland's anti-discrimination law); and applicable state law, to remedy a sustained pattern of unlawful employment practices, including severe and pervasive sexual harassment, religious discrimination, hostile work environment, retaliation, and violations of Plaintiffs' constitutional and statutory rights.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e-5(f)(3) (Title VII claims), and 28 U.S.C. §1343(a)(3) and (4) (civil rights claims under 42 U.S.C. §1983).

2. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this judicial district pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1391(b), as all Defendants reside within this district and a substantial part of the events giving rise to these claims occurred within Prince Georges County, Maryland.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff Caroline Brown timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 10, 2025.

5.  Plaintiff Barbara Williams timely filed a separate charge of discrimination with the EEOC on January 10, 2025.

6.  Both Plaintiffs properly completed Form 5 with the EEOC detailing their allegations of discrimination, harassment, and retaliation.

7.  The EEOC issued Right to Sue Letters to both Plaintiffs on January 25, 2025.

8.  This action is being filed within the statutory 90-day period following Plaintiffs' receipt of their respective Right to Sue Letters.

**PARTIES**

9.  Plaintiff Caroline Brown is an adult resident of Prince Georges County, Maryland. She served as a Councilwoman for the Town of Capitol Heights from January 15, 2021, until her forced resignation on December 1, 2024.

10. Prior to serving as Councilwoman, Plaintiff Brown had worked with the Town Council for four years as a volunteer with Councilwoman Lane.

11. Plaintiff Barbara Williams is an adult resident of Prince Georges County, Maryland. She worked as a videographer and media professional, providing contracted services for town events and meetings from March 1, 2021, to November 30, 2024.

12. Defendant Shawn Maldon served as Mayor of Capitol Heights from July 2018 until January 25, 2021, when he was suspended from office pursuant to Resolution 2021-13. He is sued in his individual capacity for actions taken under color of law and outside the scope of his official duties.

13. Defendant Renita Cason is an adult resident of Prince Georges County, Maryland, who served as a Councilwoman during the relevant period. She is sued in her individual capacity for actions taken under color of law.

14. Defendant Faith Ford is an adult resident of Prince Georges County, Maryland, who served as a Councilwoman during the relevant period. She is sued in her individual capacity for actions taken under color of law.

15. Defendant Town of Capitol Heights is a municipal corporation organized under the laws of Maryland and is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**FACTS**

16. The Town of Capitol Heights had actual notice of Defendant Maldon's pattern of misconduct through Resolution 2021-13, which formally suspended him from office on January 25, 2021.

17. Resolution 2021-13 documented Maldon's failure to perform affirmative duties under the Town Charter, including improper conduct during meetings, violation of his oath of office, and intimidation of Council members.

18. Despite this formal notice and suspension, the Town failed to take adequate remedial measures to prevent continued harassment.

19. Throughout their employment, both Plaintiffs were subjected to severe and pervasive sexual harassment, discrimination, and retaliation by Defendant Maldon.

20. Defendant Maldon demanded sexual acts, including oral sex, from Plaintiff Brown on at least ten separate occasions between January 2021 and December 2024.

21. During council meetings on March 15, July 22, and October 5, 2021, Defendant Maldon engaged in unwanted touching of Plaintiff Brown's breasts and buttocks.

22. On April 3, 2022, during a town hall meeting, Defendant Maldon placed his naked feet on Plaintiff Brown's crotch.

23. Defendant Maldon demanded Plaintiff Brown visit him in hotels on June 12 and September 8, 2022.

24. Between January 2021 and December 2024, Defendant Maldon repeatedly harassed Plaintiff Brown during official meetings, calling her derogatory names including "bitch," "airhead," and "stupid" at least 15 times.

25. On May 17, 2023, Defendant Maldon publicly humiliated Plaintiff Brown by announcing to the entire audience that she weighed 380 pounds.

26. On July 3, 2023, Defendant Maldon spread false rumors about Plaintiff Brown's sexual orientation, telling staff members she was in a relationship with Plaintiff Williams.

27. Defendant Maldon left AIDS/STD pamphlets on Plaintiff Brown's desk on August 12, September 5, and October 20, 2023.

28. On November 7, 2023, Defendant Maldon interfered with Plaintiff Brown's food and drinks by stirring her coffee with his finger before discarding it.

29. On March 3, 2024, Defendant Maldon made racist implications toward Plaintiff Brown by throwing away her watermelon and stating she was "too fat to eat."

30. On April 15, 2024, Defendant Maldon physically assaulted Plaintiff Brown's son by hitting him in the chest.

31. Defendant Maldon demanded sexual favors from Plaintiff Williams in exchange for continued contract work on May 5, August 15, and November 20, 2021.

32. During a private meeting on February 3, 2022, Defendant Maldon forcibly lifted Plaintiff Williams' shirt, exposing her breasts.

33. On April 7, 2022, at Town Hall, Defendant Maldon commented on Plaintiff Williams' lack of bra and exposed himself to her.

34. During a budget meeting on June 22, 2022, Defendant Maldon placed his foot in Plaintiff Williams' crotch.

35. On September 10, 2022, Defendant Maldon groped Plaintiff Williams' breasts without consent.

36. On December 5, 2022, Defendant Maldon forcibly attempted to "fix" Plaintiff Williams' hair, after which he stated "Now I own you."

37. On March 18, 2023, when Plaintiff Williams arrived to collect work-related papers, Defendant Maldon appeared naked at his door.

38. Defendant Maldon engaged in religious discrimination by directing a preacher to throw "Holy water" on Plaintiff Brown during a public meeting.

39. Defendant Maldon made death threats against Plaintiff Brown on July 7, 2023, and against Plaintiff Williams on August 23, 2023.

40. On September 30, 2023, Defendant Maldon brandished a firearm at Plaintiff Williams.

41. Between October 2023 and March 2024, Defendant Maldon followed both Plaintiffs home on at least five occasions.

42. Defendant Maldon caused property damage by placing nails in both Plaintiffs' tires on November 15, 2023, and February 2, 2024.

43. On April 5, 2024, Defendant Maldon attempted to have Plaintiff Brown falsely arrested by calling police and claiming she had stolen a flyer.

44. Defendant Maldon withheld legitimate payments, including $4,372.50 owed to Brown for work performed between March and May 2024, and multiple payments between $200-500 owed to Williams for videography services provided in July, August, and September 2024.

45. On May 12, 2024, Defendant Maldon destroyed documents by shredding Plaintiff Brown's expense reports.

46. On June 1, 2024, Defendant Maldon created an "interaction team" specifically tasked with targeting the Plaintiffs.

47. On October 10, 2023, Defendant Cason illegally accessed Plaintiffs' personnel files.

48. On October 11, 2023, Defendant Cason obtained unauthorized access to Plaintiff Brown's social security information.

49. On October 15, 2023, Defendant Cason spread false information about Plaintiffs to staff members, claiming Brown's real name was not Caroline.

50. Defendants Cason and Ford participated in "interaction team" meetings targeting Plaintiffs on June 5 and July 3, 2024.

51. Defendant Ford witnessed multiple instances of harassment but failed to intervene, including during incidents on April 3, 2022, May 17, 2023, and April 15, 2024.

52. The Town failed to investigate or address discrimination by:

- o Taking no action after receiving Resolution 2021-13

- o Failing to interview witnesses or victims

- o Failing to review available video evidence

- o Failing to implement protective measures

- o Failing to discipline perpetrators

- o Allowing continued harassment after notice

53. As a result of the harassment and retaliation:

54. Plaintiff Brown became physically ill and wheelchair-bound from stress-induced conditions beginning in August 2024.

55. Plaintiff Brown developed severe back problems requiring medical treatment starting in September 2024.

56. Plaintiff Brown was forced into early retirement on December 1, 2024.

57. Plaintiff Williams developed stress-induced alopecia beginning in October 2024.

58. Both Plaintiffs required psychiatric treatment for severe anxiety and fear starting in November 2024.

59. Both Plaintiffs required ongoing therapeutic treatment for PTSD symptoms from December 2024 onwards.

60. Both Plaintiffs suffered public humiliation at town meetings on September 15 and October 20, 2024.

61. Both Plaintiffs lost significant income and business opportunities between September and December 2024.

## COUNTS

### COUNT I
### TITLE VII - SEXUAL HARASSMENT
### (Against Defendant Town of Capitol Heights)

62. Plaintiffs incorporate by reference all preceding paragraphs.

63. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., prohibits discrimination based on sex, including sexual harassment creating a hostile work environment.

64. The Town of Capitol Heights is an "employer" within the meaning of Title VII.

65. Plaintiffs were subjected to unwelcome sexual harassment by Defendant Maldon.

66. The harassment was based on Plaintiffs' sex.

67. The harassment was sufficiently severe and pervasive to alter the conditions of Plaintiffs' employment.

68. The Town had notice of the harassment through:

   o   Resolution 2021-13 documenting Maldon's misconduct

   o   Multiple internal complaints filed with Town officials

   o   Harassment occurring openly during public meetings

- o Direct observation by Town officials

- o Police reports documenting the harassment

- o Video recordings of town meetings

69. The Town failed to take prompt remedial action despite this notice.

## COUNT II
### 42 U.S.C. § 1983 - CIVIL RIGHTS
#### (Against All Defendants)

70. Plaintiffs incorporate by reference all preceding paragraphs.

71. Defendants, acting under color of state law, deprived Plaintiffs of their constitutional rights including equal protection, due process, and freedom from unreasonable seizure.

72. The Town maintained policies, practices, and customs that caused these constitutional violations.

73. Defendants' conduct was willful, malicious, and in reckless disregard of Plaintiffs' rights.

## COUNT III
### BATTERY
#### (Against Defendant Shawn Maldon)

74. Plaintiffs incorporate by reference all preceding paragraphs.

75. Under Maryland law, battery requires an intentional, unpermitted touching that is harmful or offensive.

76. Defendant Maldon intentionally and offensively touched Plaintiffs without their consent through sexual groping, forcible exposure, and physical intimidation.

77. These unwanted touching were harmful and offensive.

78. Plaintiffs suffered physical and emotional harm as a result.

## COUNT IV
## FALSE IMPRISONMENT
### (Against Defendant Shawn Maldon)

79. Plaintiffs incorporate by reference all preceding paragraphs.

80. Defendant Maldon unlawfully restrained Plaintiffs' freedom of movement through physical intimidation, threats with firearms, following them home, and attempting false arrests.

81. This conduct caused Plaintiffs to reasonably fear for their safety and freedom of movement.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

82. Plaintiffs incorporate by reference all preceding paragraphs.

83. Under Maryland law, IIED requires intentional or reckless conduct that is extreme and outrageous and causes severe emotional distress.

84. Defendants' conduct was intentional or reckless.

85. Defendants' conduct was extreme and outrageous.

86. Defendants' conduct caused Plaintiffs severe emotional distress requiring medical treatment.

## COUNT VI
## DEFAMATION

*(Against All Defendants)*

87. Plaintiffs incorporate by reference all preceding paragraphs.

88. Under Maryland law, defamation requires false statements causing harm.

89. Defendants made false statements about Plaintiffs regarding their sexual orientation, medical conditions, theft allegations, and identity.

90. These statements were published to third parties.

91. These statements caused actual harm to Plaintiffs' reputations.

## COUNT VII
### CIVIL CONSPIRACY
*(Against All Defendants)*

92. Plaintiffs incorporate by reference all preceding paragraphs.

93. Defendants agreed and acted in concert to harass and retaliate against Plaintiffs through the creation of the "interaction team" and coordinated harassment.

94. Defendants took overt acts in furtherance of this conspiracy.

95. Plaintiffs suffered damages as a result of Defendants' conspiracy.

## COUNT VIII
### SEXUAL HARASSMENT UNDER STATE LAW
*(Against All Defendants)*

96. Plaintiffs incorporate by reference all preceding paragraphs.

97. Maryland State Government Article § 20-606 prohibits discrimination in employment based on sex, including sexual harassment.

98. Defendants engaged in unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature.

99. This conduct had the purpose and effect of unreasonably interfering with Plaintiffs' work performance and creating an intimidating, hostile, and offensive working environment.

100. The conduct was sufficiently severe and pervasive to alter the conditions of Plaintiffs' employment.

101. Defendants knew or should have known of the harassment and failed to take appropriate corrective action.

102. As a direct result of Defendants' conduct, Plaintiffs suffered damages including physical injury, emotional distress, and economic loss.

### COUNT IX
### HARASSMENT UNDER STATE LAW
### (Against All Defendants)

103. Plaintiffs incorporate by reference all preceding paragraphs.

104. Under Maryland law, harassment includes a course of conduct that alarms or seriously annoys another person with the intent to harass, alarm, or annoy the other person.

105. Defendants engaged in a continuing pattern of harassment including physical intimidation, death threats, stalking, property damage, false accusations, unauthorized access of personal information, and public humiliation.

106. This conduct served no legitimate purpose.

107. The conduct occurred after Defendants received reasonable warning to cease.

108. Defendants' conduct was intentional and malicious.

109.    As a direct result of Defendants' harassment, Plaintiffs suffered severe physical, emotional, and economic damages.

## COUNT X
## SEX DISCRIMINATION - FAILURE TO INVESTIGATE OR REMEDIATE
### (Against Defendant Town of Capitol Heights)

110.    Plaintiffs incorporate by reference all preceding paragraphs.

111.    The Town of Capitol Heights had a duty under Maryland law and Title VII to promptly investigate and take remedial action in response to complaints of sex discrimination and harassment.

112.    The Town had actual notice of Defendant Maldon's discriminatory conduct through Resolution 2021-13.

113.    Despite this notice, the Town failed to conduct any investigation, interview witnesses, take statements, review evidence, implement protective measures, discipline perpetrators, or prevent continued harassment.

114.    The Town's deliberate failure to investigate or take remedial action constituted sex discrimination by enabling and perpetuating a hostile work environment based on sex.

115.    The Town's inaction caused Plaintiffs to suffer continued harassment and discrimination.

## COUNT XI
## RELIGIOUS DISCRIMINATION
### (Against All Defendants)

116.    Plaintiffs incorporate by reference all preceding paragraphs.

117.     Title VII and Maryland State Government Article § 20-606 prohibit discrimination based on religion.

118.     Defendant Maldon engaged in religious discrimination by directing a preacher to throw "Holy water" on Plaintiff Brown during a public meeting.

119.     This action was intended to humiliate and discriminate against Plaintiff Brown by using religious practices as a weapon of harassment.

120.     Defendants Cason and Ford witnessed this religious-based harassment but failed to intervene or take corrective action.

121.     The Town failed to investigate or take any remedial action regarding this incident of religious discrimination.

122.     This conduct created a hostile work environment based on religion.

123.     As a direct result of Defendants' religious discrimination, Plaintiff Brown suffered emotional distress, humiliation, and other damages.

**WHEREFORE**, Plaintiffs pray that this Court:

A.  Enter judgment in their favor on all counts;

B.  Award compensatory damages in excess of $75,000;

C.  Award punitive damages;

D.  Award reasonable attorneys' fees and costs;

E.  Grant declaratory and injunctive relief;

F.  Grant such other relief as the Court deems just and proper.

**JURY TRIAL REQUESTED**

Pursuant to Fed. R. Civ. P. 38, Plaintiff requests a trail by jury for all matters so triable.

Date: 4/25/25                                  Respectfully submitted,


                                               QUINN PATTON, LC


                                               /s/ Katherine Patton
                                               Katherine Patton
                                               Fed. Bar No. 30693
                                               Quinn Patton, LC
                                               846 Ritchie Highway, Suite 2A
                                               Severna Park, MD 21148
                                               (443) 247-5444
                                               katpatton@quinnpatton.com
                                               Attorney for Plaintiffs

                                               /s/ Donald Quinn
                                               Donald Quinn
                                               Fed. Bar No. 22324
                                               Quinn Patton, LC
                                               846 Ritchie Highway, Suite 2A
                                               Severna Park, MD 21148
                                               (443) 247-5444
                                               Attorney for Plaintiffs




Dated: 4/25/25                                 Respectfully Submitted,

                                               QUINN PATTON

                                               /s/ Donald Quinn
                                               Donald G. Quinn, Fed. Bar No. 22324
                                               838 Ritchie Highway, Suite 4
                                               Severna Park, Maryland 21146
                                               (443)247-5554 / (202) 508-3644
                                               donquinn@quinnpatton.com
                                               *Attorney for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify, on this 9th day of January 2025, the foregoing was

served by personal service using a process servicer and mailed by U.S. Post

Certified Mail, postage paid.

TOWN OF CAPITOL HEIGHTS
One Capitol Heights Boulevard
Capitol Heights, MD 20743
Prince George's County
*Defendant*

SHAWN MALDON
6207 Buckler Road
Clinton, MD 20735
Prince George's County
*Defendant*

FAITH FORD
108 Tunic Avenue
Capitol Heights, MD 20743
Prince George's County
*Defendant*

RENITA CASON
6710 Stonehill Road
Upper Marlboro, MD 20772
Prince George's County
*Defendant*

/s/ Donald Quinn
Donald G. Quinn