**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| CAROLINE BROWN, et al. | | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Civil Action No.    8:25-CV-1336 |
| | * | |
| TOWN OF CAPITOL HEIGHTS, et al. | | |
| Defendant. | * | |
| | | |
| | * | |

\*   \*   \*   \*   \*   \*           \*   \*   \*   \*   \*   \*

<u>**MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS**</u>

Plaintiffs Caroline Brown and Barbara Williams, by and through their undersigned counsel, respectfully move this Court to strike Defendants' Motion to Dismiss filed on June 13, 2025 pursuant to this Court's inherent authority and Case Management Order entered on June 16, 2025. In support of this Motion, Plaintiffs state as follows:

### I.   BACKGROUND

On June 16, 2025, this Court entered a comprehensive Case Management Order establishing mandatory procedures for all motions practice in this case (ECF No. 17). The Case Management Order explicitly requires that "No motions may be filed without first seeking a Pre-Motion Conference with the Court" and applies this limitation to "any and all motions, including Motions to Dismiss filed in lieu of an Answer."

Defendants had previously filed their Motion to Dismiss (for a second time) on June 13, 2025 (ECF No. 15). This was filed without complying with the mandatory pre-motion conference requirements established by this Court's Case Management Order.

Prior to this, Defendants filed their first 12(b)(6) motion to dismiss before Magistrate Judge Gina Simms on June 10, 2025 (ECF No. 10), which was struck sua sponte on June 11, 2025, for being "filed prematurely" (ECF No. 12). The Court's June 11, 2025 order specifically directed Defendants to "review ECF No. 11 [Notice of Case Assignment] and to proceed accordingly." Following this adverse ruling, Defendants filed a refusal to proceed before the magistrate judge (ECF No. 13), and the case was reassigned on June 13, 2025. On that same date, June 13, 2025, Defendants immediately filed their current Motion to Dismiss (ECF No. 15).

## II.   LEGAL STANDARD

Federal courts possess inherent authority to manage their own proceedings, impose sanctions, and ensure compliance with their orders, including striking filings and deterring misconduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991). Courts may act sua sponte to manage their docket and dismiss or strike filings when a party fails to comply with scheduling requirements or procedural obligations. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

Federal Rule of Civil Procedure 83(b) provides that a judge may "regulate practice in any manner consistent with federal law" and establishes the Court's

authority to issue case management orders. Courts may enforce local rules and case-specific orders under Rule 83(b), including striking or refusing to entertain non-compliant motions. *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 376–77 (4th Cir. 2013).

Federal courts routinely strike motions filed without required pre-motion conferences. *Manigault-Johnson v. U.S. Dep't of State*, No. 2:17-cv-03614, 2019 WL 918212, at *2–3 (D.S.C. Feb. 25, 2019) (striking motion to dismiss filed without seeking required pre-motion conference); *Rodriguez v. Village Green Realty, Inc.*, 788 F.3d 31, 48 (2d Cir. 2015) (district court acted within authority to strike motion filed in violation of pre-motion letter requirements).

## III.   ARGUMENT

### 1) Defendants Failed to Comply with Mandatory Pre-Motion Conference Requirements

The Case Management Order unambiguously states: "No motions may be filed without first seeking a Pre-Motion Conference with the Court. This limitation applies to *any and all* motions, including Motions to Dismiss filed in lieu of an Answer" (emphasis added). The Order provides only seven specific exceptions to this requirement, none of which apply to Defendants' standard 12(b)(6) motion to dismiss. Before filing any motion, the Case Management Order requires the moving party to:

1. File a "Notice of Intent to File a Motion" in the form of a letter not exceeding three single-spaced pages containing "a brief description of the motion sought to be filed and a brief summary of the particularized factual and legal support for the motion."

2. Participate in a telephonic Pre-Motion Conference with all parties.

3. Obtain authorization from the Court before filing the motion.

Defendants have done none of the above prior to re-filing their Motion to Dismiss. Such procedural requirements have "the force of law." *Sampson v. City of Cambridge, Md.*, No. RDB-21-0786, 2021 WL 5989253, at *2 (D. Md. Dec. 17, 2021).

## 2) The Case Management Order's Automatic Extension Provision Ensures No Prejudice to Defendants If Motion to Dismiss Is Struck

The Case Management Order provides that "[t]he timely filing of a Notice, within the time period to file the underlying motion to which it relates, will result in an automatic extension of the time to file such motion until the date set by the Court at the Pre-Motion Conference." This provision ensures that compliance with pre-motion conference requirements causes no prejudice to defendants by automatically extending filing deadlines, eliminating any timing-based excuse for procedural non-compliance. The striking of their Motion to Dismiss and requirement for compliance with the Case Management Order's pre-motion procedures will not prejudice Defendants' ability to defend their claims.

**3) Defendants' Non-Compliance Undermines the Court's Case Management Authority & Efficient Administration of Cases**

The Case Management Order was designed to discourage "wasteful pretrial activities" and "to streamline proceedings, reduce unnecessary and costly motions practice, and to secure the just, speedy, and inexpensive determination of every action and proceeding" (ECF No. 17). Allowing parties to circumvent pre-motion conference requirements forces the Court to address procedural violations rather than substantive legal issues, undermining the Order's purpose of "more effectively channel[ing] the efforts of litigants and allocat[ing] the resources of the Court." Id. Striking Defendants' non-compliant Motion to Dismiss directly advances the Case Management Order's goal of efficient review of claims on their merits.

**4) Defendants' Non-Compliance Demonstrates Disregard for Judicial Warrants Striking and Consideration of Sanctions**

The timing of Defendants' Motion to Dismiss filing after the Case Management Order does not cure non-compliance with the Order's requirements. Prior procedural history of this case shows that the Defendants were well-aware that the Court can and will implement pre-motion filing requirements — and were also aware that violation of those orders may result in the striking of their Motion, as occurred on June 11, 2025 (ECF No. 12).

*A. Prior Judicial Ruling Established Clear Precedent*

After their initial 12(b)(6) motion was struck sua sponte by Magistrate Judge Gina Simms for failure to comply with court procedures, Defendants chose to file a refusal to proceed before the magistrate judge and moved the case to this Court. When held accountable by one judicial officer, Defendants immediately sought a different forum and repeated the same behavior, suggesting they are attempting to find a court that will not enforce pre-motion filing rules that are designed to promote judicial efficiency. This runs directly contrary to the courts' goals of efficient evaluation of meritorious claims and issues by forcing judicial resources to be diverted from substantive legal analysis to addressing repeated procedural violations.

*B. Current Violation Confirms Pattern of Non-Compliance*

While Defendants filed their Motion to Dismiss before this Court's Case Management Order was entered, they did so with full knowledge that their previous motion had been struck for similar procedural violations. The Case Management Order merely codified the type of procedural requirements that courts routinely impose, and Defendants' experience before Magistrate Judge Simms should have alerted them to seek guidance on proper procedures before filing.

Defendants' failure to comply with this Court's Case Management Order, when viewed in light of their prior experience and strategic refusal to proceed before the Magistrate Judge Simms, forces courts to spend valuable time addressing procedural deficiencies rather than substantive legal issues. This pattern also

places an unfair burden on Plaintiffs, who are forced to respond to procedurally deficient motions and seek appropriate relief, multiplying costs and delay in contravention of the Case Management Order's efficiency goals.

*C. Striking Necessary to Preserve Judicial Authority*

Permitting Defendants to proceed without addressing this pattern would:

1. Reward their deliberate disregard for court orders and judicial authority;

2. Undermine the authority of both this Honorable Court and Magistrate Judge Simms;

3. Create a precedent that parties may ignore procedural requirements with impunity and essentially reward forum shopping that diverts courts from their essential function of efficiently evaluating meritorious claims;

4. Defeat the Case Management Order's stated purpose of "streamlining proceedings" and "reducing unnecessary and costly motions practice[;]" and

5. Encourage other litigants to similarly disregard court procedures and engage in forum shopping gamesmanship, knowing they can simply move to another judge if held accountable, thereby undermining the courts' ability to efficiently address substantive legal issues.

The Case Management Order's pre-motion conference requirement is mandatory and applies specifically to motions to dismiss.

*D. Sanctions Should Be Considered for Deliberate Pattern*

Sanctions may be appropriate where a party's disregard of court rules is deliberate, particularly if part of a repeated pattern of procedural violations. *Mutual Federal Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Courts have found that a party's "pattern of disregard" for procedural obligations warrants striking of filings, even where no prejudice is shown. *DL v. District of Columbia*, 109 F. Supp. 3d 12, 29 (D.D.C. 2015). The Fourth Circuit has reaffirmed that courts' inherent powers include the authority to control litigation conduct and enforce orders to preserve the integrity of judicial proceedings. *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993). Given Defendants' demonstrated pattern of procedural violations and forum shopping gamesmanship across multiple judicial officers—conduct that directly undermines the courts' mission of efficiently evaluating meritorious legal claims—sanctions are appropriate to deter future violations and maintain respect for judicial authority.

## IV.    CONCLUSION

Defendants' Motion to Dismiss was filed in violation of this Court's Case Management Order. The Case Management Order's pre-motion conference requirement is mandatory and applies specifically to motions to dismiss. Defendants had notice of this principle through their prior experience before Magistrate Judge Simms, which was reaffirmed in the Case Management Order. Defendants will not be prejudiced by the striking of their renewed Motion to Dismiss nor by being required to comply with the pre-motion filing requirements of the Order.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

1.  Grant this Motion to Strike Defendants' Motion to Dismiss (ECF No. 15);

2.  Require Defendants to comply with the Case Management Order's pre-motion conference procedures before filing any future motions;

3.  Consider appropriate sanctions to deter future violations of court procedures; and

4.  Grant such other and further relief as this Court deems just and proper.

Dated: 6/20/25                                    Respectfully Submitted,

                                                  QUINN PATTON

                                                  /s/ Katherine Patton
                                                  Katherine Patton, Fed. Bar No. 30693
                                                  838 Ritchie Highway, Suite 4
                                                  Severna Park, Maryland 21146
                                                  (443)247-5554 / (202) 508-3644
                                                  katpatton@quinnpatton.com
                                                  *Attorney for the Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY certify, on this 20th day of June 2025, the foregoing was served by CM/EFC to all CMF users.

/s/ Katherine Patton

Katherine Patton