**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CAROLINE BROWN, *et al.*, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8:25-cv-01336-TDC |
| TOWN OF CAPITOL HEIGHTS, *et al.*, | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' CORRECTED MOTION FOR PARTIAL RECONSIDERATION

A Rule 59(e) motion may not "relitigate old matters, or to raise arguments…that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)(quoting 11 C. Wright & A. Miller, Federal Practice and Procedure §2810.1, pp. 127–128 (2d ed. 1995)). Where there is no change in controlling law nor new evidence, reconsideration is available only to correct a "clear error of law or prevent manifest injustice." *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997)(quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993)).

Here, Defendants raised their limitations arguments in their Reply, and Plaintiffs' opposition brief (ECF No. 38) (the document Defendants now characterize as a concession) was fully before this Court when it issued its Opinion. It cannot constitute a new basis for reconsideration; the Court had it and ruled anyway. That the Court preserved Counts 2, 8, and 10 without separately rehearsing those arguments does not establish a "clear error; " instead, it reflects that the Court found them unpersuasive in light of the full pleading. Mere disagreement is not a basis for reconsideration, it is an "extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

1

## I.      Defendants Misread the Context of the Quoted Passages

Defendants' entire argument rests on reading three litigation statements as temporal concessions. None of them are. The phrase "culminated in Resolution 2021-13" (ECF No. 38 at 11) appeared in the section of Plaintiffs' brief responding to the LGTCA *notice* argument, specifically to demonstrate that the Town had actual or constructive notice of "the defect or circumstances giving rise to" Plaintiff Williams's injury within one year. Md. Code Ann., Cts. & Jud. Proc. § 5-304(e). This Court correctly read that language in exactly that context. *See* ECF No. 42 at 12–13.  "Culminated" described the high-water mark of the Town's formal, documented *notice*, rather than as temporal limit on the dates of the *underlying misconduct*.

Litigation briefs do not amend the operative complaint. *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991). Other passages cited by Defendants quote selectively from Plaintiffs' brief. Plaintiffs argued that Maldon acted "from the seat of municipal power" (ECF No. 38 at 17) and that "[t]he acts were inextricably intertwined with their government roles" (*id.* at 18). These passages were offered to establish that Defendants acted under color of law, a distinct legal element unrelated to timing. Establishing that acts were committed under color of official authority does not concede that no acts occurred after a particular date.

The phrase "sex-based harassment by the Town's Mayor" is discussed in the context of the § 1983 claim to highlight the egregious impropriety of the City's highest elected official engaging in the longtime pattern of harassing conduct pled, not to express a temporal limit on that pattern. *Id.* at 21. None of these phrases, when read as a whole and in context of the full Opposition, is a concession that no actionable conduct could occur after January 2021.

At present, the Amended Complaint controls, and its allegations, accepted as true, describe a continuing course of misconduct beyond January 2021. The Court's own Opinion

acknowledges pleaded incidents involving Plaintiff Williams at official Town functions continuing through 2022. ECF No. 42 at 3–5.

## II. The MFEPA Claims Are Timely and the Town's Liability Is Independent of Maldon's Agency Status

Defendants argue that Maldon's suspension ended his capacity to act as a Town agent, and that no MFEPA-cognizable conduct could therefore have occurred after January 2021. This fails on the pleadings and as a matter of law. The Amended Complaint alleges that Maldon's physical, sexual misconduct against Plaintiff Williams, including incidents at official Town facilities and during official Town events, continued well into 2022. *See* Am. Compl. ¶¶ 45, 48–52; ECF No. 42 at 4–5. As pled, these facts support an inference that the Town had knowledge that Maldon continued to visit Town facilities and participate in municipal functions after his suspension. Whether a suspended official who continues attending Council meetings, using Town premises, and participating in the municipal government has sufficient agency nexus for MFEPA purposes is a fact-intensive inquiry not appropriate for the pleadings stage.

Independently, the Town's MFEPA liability in Counts 8 and 10 does not rest solely on Maldon's individual agency. The Amended Complaint separately alleges that the Town itself is liable for failing to investigate, failing to implement sufficient remedial measures, and failing to take action despite actual notice of ongoing misconduct. Am. Compl. ¶¶ 18–19, 68. This Court preserved those counts because the pleading adequately alleged the Town's independent institutional failures. ECF No. 42 at 12–13. Those failures persisted through at least mid-2022 and give rise to liability entirely independent of Maldon's formal title.

Even if isolated acts predate the limitations period, they remain actionable under the continuing violation doctrine. The Supreme Court has held that a hostile work environment claim

3

"cannot be said to occur on any particular day. It occurs over a series of days or perhaps years…." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 103 (2002). "It does not matter, for purposes of the statute, that some of the component acts fall outside the statutory time period. Provided that *an* act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered for the purposes of determining liability." *Id.* at 117 (emphasis added). Under *Morgan*, with even a single act in the pattern of harassment pled within the actionable period (which the Court has already more than acknowledged) the full pattern of conduct is actionable.

### III.    The § 1983 Monell Theory Accrues Continuously and Does Not Depend on Defendant Maldon's Title

The Court preserved the § 1983 claim against the Town on a *Monell* custom-of-condonation theory: the Town's "persistent and widespread" deliberate indifference to known constitutional violations. ECF No. 42 at 16 (quoting *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014)). Similar to harassment, *Monell* liability requires a pattern of more than a "single incident of the unconstitutional activity[.]" *Johnson v. Baltimore City, Maryland*, 163 F.4th 808, 822 (4th Cir. 2026)(quoting *Semple v. City of Moundsville*, 195 F.3d 708, 713–14 (4th Cir. 1999). By its very nature, liability under this theory *must* accrue over time, so long as the deliberate indifference permits the constitutional violations to persist.

The Court specifically found that the Amended Complaint "alleges numerous additional incidents of harassment following Resolution 2021-13, some of which took place during Council meetings or other official events," and that the Town's post-suspension failure to act evidenced deliberate indifference. ECF No. 42 at 16-17. Defendants contend that even the Town's § 1983 liability "depend[s] on its actions and/or inaction while Defendant Maldon was Mayor." ECF No.

4

51 at 4. That is wrong. The Amended Complaint pleads post-suspension acts occurring at official Council meetings and events, and the Court's Opinion acknowledges them. ECF No. 42 at 3–4, 16. The Town's post-suspension deliberate indifference (e.g. its failure to investigate, remediate, or protect Plaintiffs after Resolution 2021-13) *is* a constitutional violation. Those failures, and the harms they enabled, accrued within the three-year limitations period.

As for Maldon individually, a suspended official who continues to participate in official proceedings and exploit the platform of public office still acts under color of law. See *Rossignol v. Voorhaar*, 316 F.3d 516, 524-526 (4th Cir. 2003) (color of law found where "official positions were an intimidating asset" even when off-duty, in plainclothes, and acting outside of express authority); *Davison v. Randall*, 912 F.3d 666, 680-681 (4th Cir. 2019) (color of law satisfied even where actions are "linked to events which arose out of his official status" and defendant acted in ways "a private citizen could not"). Defendants improperly ask this Court to resolve the fact-intensive inquiry against the Plaintiffs on reconsideration of the pleadings.

Overall, Defendants do not identify a clear error of law or new facts. Instead, they seek a second ruling on arguments the Court already considered, selectively pulling quotes out of context from the Plaintiff's brief that are not concessions regarding timing of the pled egregious misconduct. The motion should be denied.

Submitted: March 12, 2026

Respectfully submitted,

/s/ Katherine Patton

Katherine Patton (Fed. Bar No. 30693)
Quinn Patton, LLC
838 Ritchie Highway, Suite 4
Severna Park, MD 21146
(443) 247-5554
katpatton@quinnpatton.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 12th day of March, 2026, a copy of the foregoing Plaintiff's Opposition to Defendants' Corrected Motion for Reconsideration was served via ECF on counsel of record: Matthew J. McCloskey and Simone T. Fair, Semmes, Bowen & Semmes, 250 W. Pratt Street, Suite 1900, Baltimore, MD 21201.

Respectfully submitted,

/s/ Katherine Patton

Katherine Patton (Fed. Bar No. 30693)