**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CAROLINE BROWN and BARBARA WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN OF CAPITOL HEIGHTS and SHAWN MALDON, *in his individual capacity*,<br><br>Defendants. | Civil Action No. 25-1336-TDC |

**MEMORANDUM OPINION**

In this case, Plaintiff Caroline Brown, a former member of the Town Council of Capitol Heights, Maryland, and Plaintiff Barbara Williams, a contractor for the Town of Capitol Heights ("the Town") who worked under Brown's supervision, filed suit against the Town; Shawn Maldon, its former mayor; and Faith Ford and Renita Cason, two other members of the Town Council during the relevant time period (collectively, "Defendants"). On February 19, 2026, the Court granted in part and denied in part Defendants' Partial Motion to Dismiss the Amended Complaint. *See* Order at 1–2, ECF No. 43; *Brown v. Town of Capitol Heights*, No. 25-1336-TDC, 2026 WL 472821, at *11 (D. Md. Feb. 19, 2026). In so ruling, the Court dismissed the claims in Counts 1, 4, 6, 7, 9, 11, and 12; the claims in Count 2 against Ford and Cason; the claims in Count 3 based on incidents that occurred before April 25, 2022; the claims in Count 5 against all Defendants except Maldon; and the claims in Counts 8 and 10 except for the Maryland Fair Employment Practices Act ("MFEPA") claims brought by Williams against the Town. As a result of these

rulings, the Court dismissed Plaintiff Stephen B. Matthew Brown and Defendants Ford and Cason from the case.

Therefore, the remaining claims in this case are Plaintiffs' claims in Count 2 under 42 U.S.C. § 1983 against Maldon and the Town; Williams's battery claim in Count 3 based on incidents that occurred on or after April 25, 2022; Plaintiffs' intentional infliction of emotional distress ("IIED") claims in Count 5 against Maldon; and Williams's MFEPA claims in Counts 8 and 10 against the Town.

Defendants have filed a Motion for Partial Reconsideration of the February 19, 2026 Order in which they seek dismissal of the remaining claims in Counts 2, 8, and 10 as time-barred. Plaintiffs have filed a Motion for Leave to File a Second Amended Complaint in which they seek to add factual allegations to support the remaining claims and to reassert the dismissed civil conspiracy claim in Count 7. The Motions are fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion for Partial Reconsideration will be DENIED, and the Motion for Leave to File a Second Amended Complaint will be GRANTED, subject to the limitations set forth in the accompanying Order.

## DISCUSSION

### I. Motion for Partial Reconsideration

In their Motion for Partial Reconsideration, Defendants request that the Court dismiss Plaintiffs' § 1983 claims against Maldon and the Town in Count 2, as well as Williams's MFEPA claims against the Town in Counts 8 and 10, on the grounds that these claims are time-barred.

Although both parties cite the legal standard for a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), the February 19, 2026 Order did not end the case, so

the Motion is governed by Rule 54(b), which applies to interlocutory orders. Under Rule 54, an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Reconsideration under Rule 54(b) is appropriate in three circumstances: "where there is (1) substantially different evidence discovered during litigation, (2) an intervening change in law, or (3) clear error causing manifest injustice." *Clear Touch Interactive, Inc. v. Ockers Co.*, 171 F.4th 715, 729 (4th Cir. 2026) (citing *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). Although the Rule 54(b) standard is not as exacting as the standards under Rules 59 and 60, *see id.* at 728–29, revisiting earlier rulings is still "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again,'" *Off. Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964)).

"It is hard to imagine a less efficient means to expedite the resolution of cases than to allow the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it." *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001). Thus, a motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013). Otherwise, "there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court." *Potter*, 199 F.R.D. at 553.

Defendants seek reconsideration based on alleged errors in the February 19, 2026 Order and Memorandum Opinion. *See Clear Touch Interactive, Inc.*, 171 F.4th at 729. In relation to Count 2, Defendants assert that, because Plaintiffs' § 1983 claims are dependent upon Maldon's status as mayor of the Town, and because Plaintiffs alleged that he was suspended from that position in January 2021 and did not allege that he served in any position with the Town after the suspension, the § 1983 claims can be supported only by Maldon's conduct prior to January 2021. In turn, Defendants assert that because the original Complaint in this case was filed more than three years after January 2021, the § 1983 claims are time-barred. This argument does not provide a persuasive basis for reconsideration of the Court's ruling on the § 1983 claims because the Amended Complaint was silent on whether Maldon returned to serve as mayor after the suspension and, at the pleading stage, Plaintiffs were entitled to the reasonable inference that the suspension was temporary and that Maldon's post-2021 conduct supporting the § 1983 claims took place when he was acting as a Town official. Indeed, the proposed Second Amended Complaint would add new factual allegations relating to the suspension, including that Maldon was ordered to be reinstated as mayor in 2023. The Motion for Partial Reconsideration will therefore be denied as to Count 2.

Similarly, in relation to the remaining claims in Counts 8 and 10, Defendants assert that Williams's MFEPA claims against the Town are time-barred based on Plaintiffs' statement in their memorandum in opposition to Defendants' Motion to Dismiss the Amended Complaint that the events giving rise to Williams's MFEPA claims "culminated" in the January 2021 resolution suspending Maldon from office. Mot. for Partial Reconsideration at 3, ECF No. 51 (quoting Opp'n Mot. Dismiss at 11, ECF No. 38). Based on that statement, Defendants assert that Williams's MFEPA claims necessarily accrued before 2021 and, because they were subject to Maryland's

general three-year statute of limitations, are time-barred because the limitations period expired prior to the filing of the original Complaint in April 2025. However, this passage in Plaintiffs' brief, when read in context, does not necessarily mean that the relevant conduct ended in 2021, and thus does not provide a sufficient basis to revisit and alter the Court's ruling on Counts 8 and 10. The Motion for Partial Reconsideration will therefore be denied.

## II. Motion for Leave to File a Second Amended Complaint

In their Motion, Plaintiffs seek leave to file a Second Amended Complaint. Under Federal Rule of Civil Procedure 15, a party may amend its pleading before trial with leave of the court. Fed. R. Civ. P. 15(a). A court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, courts deny leave to amend only when the plaintiff is acting in bad faith, granting leave to amend would cause prejudice, or the proposed amendment would be futile. *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987).

Plaintiffs' proposed Second Amended Complaint, which is attached as an exhibit to their Motion, appears to reassert all of the claims dismissed by the February 19, 2026 Order, adds numerous factual allegations, and significantly exceeds the 40-page limit under this Court's Local Rules. *See* D. Md. Local R. 103.1(d). Despite the breadth of the proposed amendment, Plaintiffs clarify in their reply brief that they "are dropping the pursuit of any claims already dismissed, with the narrow exception of conspiracy." Reply at 15–16, ECF No. 71. Thus, according to Plaintiffs, with the exception of seeking to reassert the civil conspiracy claim in Count 7 of the Amended Complaint, the proposed Second Amended Complaint only "adds factual detail to claims this Court has already permitted to proceed," and it "does not seek to revive any dismissed claim and introduces no new legal theory as to Counts 2, 5, 8, or 10" of the Amended Complaint. *Id.* at 6, 8. Therefore, the Court will deny the Motion for Leave to File a Second Amended Complaint to the

extent that it seeks to reallege Counts 1, 4, 6, 9, 11, and 12, and to the extent that it seeks to reassert any of the other claims dismissed in the February 19, 2026 Order except for the civil conspiracy claim in Count 7.

## A. Civil Conspiracy Claim

As to the civil conspiracy claim that was asserted in Count 7 of the Amended Complaint and was dismissed in the February 19, 2026 Order, Plaintiffs now seek to add factual allegations relating to a criminal investigation initiated by the Maryland Office of the State Prosecutor ("OSP") into accusations that Plaintiff Caroline Brown had engaged in illegal wiretapping. Plaintiffs seek to allege that this investigation was initiated at the direction of Maldon and with the participation of Ford and Cason as witnesses, after Brown made an authorized recording of a March 14, 2022 Town meeting. The proposed Second Amended Complaint also alleges that the investigation led to the seizure, pursuant to a warrant, of cell phones, computers, and digital storage devices from Brown, including SD cards containing Williams's recordings of Town meetings that provide evidence of the alleged harassment and discriminatory treatment during such meetings. Plaintiffs further allege that Defendants' referral of Brown to OSP and their service as witnesses in that investigation "were acts taken by Defendants in furtherance of the coordinated campaign of harassment and retaliation against Plaintiffs described throughout this Complaint," and that the seizure of the recordings served to suppress evidence of Defendants' misconduct. Proposed Second Am. Compl. ("Proposed SAC") ¶¶ 91, 166, Mot. Ex. B, ECF No. 63-2. In addition, Plaintiffs seek to add allegations that Defendants and others engaged in a coordinated effort to prevent Brown's reelection in 2022 and to harass her by appearing at proceedings in state court at which Brown sought to obtain a peace order against Maldon and by filing a defamation action against her.

In considering the relevant factors on whether to grant leave to amend, the Court does not impute bad faith to Plaintiffs. *See Island Creek Coal Co.*, 832 F.2d at 279. Although at least some of these factual allegations were known to Plaintiffs prior to the filing of the original Complaint in this case, Plaintiffs' counsel has explained that she did not have the search warrant affidavit until recently and did not consider it appropriate to include the allegations relating to the search until she had that documentation.

As for prejudice, it can result, for example, when an "amendment is offered shortly before or during trial" and it "raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Here, although the proposed Second Amended Complaint is offered after the resolution of a Motion to Dismiss and would reinstate a claim that had been dismissed, the case remains at an early stage, as the parties have not yet engaged in discovery and have filed a consent motion to extend discovery deadlines by 90 days. The Court therefore finds no prejudice that would warrant denial of leave to amend. *See Scott v. Fam. Dollar Stores, Inc.*, 733 F.3d 105, 119 (4th Cir. 2013) (finding no undue prejudice despite a "three-year period" between the filing of the initial complaint and the amendment where the parties were "still in discovery, and many steps removed from trial").

To determine whether a proposed amended complaint would be futile, the Court reviews the proposed pleading under the standard used to evaluate a motion to dismiss for failure to state a claim. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). As set forth in the February 19, 2026 Memorandum Opinion, a civil conspiracy consists of (1) "[a] confederation of two or more persons by agreement or understanding"; (2) "some unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not in itself

illegal"; and (3) "[a]ctual legal damage resulting to the plaintiff." *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 284 (Md. 2007) (quoting *Van Royen v. Lacey*, 277 A.2d 13, 14 (Md. 1971)). Under Maryland law, civil conspiracy "is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff." *Id.* (quoting *Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 665 A.2d 1038, 1045 (Md. 1995)). Rather, "in order to set forth a tort claim for civil conspiracy, the plaintiffs must adequately allege the existence of the underlying tortious activity." *Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 665 A.2d 1038, 1049 (Md. 1995).

The Court dismissed the civil conspiracy claim in the Amended Complaint because it did not demonstrate a sufficient connection between the alleged conspiracy and an independent, underlying tort. *See Brown*, 2026 WL 472821, at *10. Defendants assert that the proposed amendment is futile because it continues to fail to allege an underlying tort that could support a reinstated civil conspiracy claim. However, the proposed amendment cures that deficiency by alleging, among other things, that the purpose of Defendants' involvement in the OSP investigation was to further "the coordinated campaign of harassment and retaliation against Plaintiffs described through this Complaint," Proposed SAC ¶ 91, and that the seizure of Williams's SD cards from Brown has deprived Plaintiffs of access to "recordings [that] constitute primary evidence of the pattern of sexual harassment, retaliation, discrimination, and constitutional violations alleged." *Id.* ¶ 89. The Court therefore finds that it asserts facts supporting a sufficient connection between the civil conspiracy claim and the alleged conduct underlying the § 1983 sexual harassment claims and the IIED claims, such that the proposed amendment to reassert the civil conspiracy claim is not futile.

Defendants also assert that the proposed amendment to reassert the civil conspiracy claim is futile because the new factual allegations do not relate back to the allegations set forth in an earlier pleading and are therefore time-barred by the general three-year statute of limitations under Maryland law. *See* Md. Code Ann., Cts. & Jud. Proc. § 5–101 (LexisNexis 2020). As relevant here, a proposed amendment relates back to the date of the original pleading if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *see Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983) (requiring "a factual nexus between the amendment and the original complaint" to satisfy Rule 15(c)). Here, the new factual allegations supporting the civil conspiracy claim are more detailed than the original allegations and specifically identify conduct by Defendants related to the OSP investigation for the first time. Nevertheless, they share a factual nexus with and therefore relate back to the earlier allegations in the Amended Complaint that Defendants "agreed and acted in concert to harass and retaliate against Plaintiffs," including the allegations that Defendants made "false accusations" toward Plaintiffs, and that Maldon was suspended from office in part because he "conduct[ed] a campaign or pattern of behavior to wrongly and inappropriately prosecute, defame, cajole, accuse and sabotage Councilmembers." Am. Compl. ¶¶ 18, 93, 105, ECF No. 34. Overall, the new factual allegations broadly relate to the course of conduct alleged in the Amended Complaint, namely a campaign of harassment of Plaintiffs by Defendants, such that the realleged civil conspiracy claim is fairly deemed to relate back to the earlier pleading. Because the reasserted civil conspiracy claim is not futile, the Court will grant leave to amend to add that renewed claim and its underlying factual allegations.

**B. Additional Factual Allegations**

Where Plaintiffs have disavowed seeking to add any other new or renewed claims, the remaining additions in the proposed Second Amended Complaint constitute new factual allegations offered to support the other remaining claims. These allegations include facts relating to charges of discrimination filed by Plaintiffs with the United States Equal Employment Opportunity Commission in February 2023, the issuance of a peace order by a court barring Maldon from contacting Brown and Maldon's response to the issuance of that order, Maldon's harassing conduct following his suspension as mayor in January 2021 and continuing up to his reinstatement in April 2023, actions and statements directed at Brown by Town Administrator Beverly Habada, actions directed at Brown by Cason, and a defamation action filed by Maldon against Brown, other Councilmembers, and the Town.

For the same reasons set forth above in relation to the civil conspiracy claim, the Court finds no bad faith or prejudice that would warrant denial of leave to amend to add these allegations. As for futility, because these allegations are not offered in support of a new or reasserted claim, there is no basis to conclude that these amendments would be legally futile based on a failure to state a claim.

Finally, although Defendants argue that the proposed new factual allegations do not relate back to the § 1983 claims previously asserted in the Amended Complaint, where Plaintiffs do not seek to assert any new claims, it does not matter whether the allegations about other incidents can be deemed to relate back. Particularly where Plaintiffs have already stated a viable, timely § 1983 claim based on harassment, additional incidents supporting that claim, even if older, can be relevant to that claim without asserting a new, freestanding claim. *See Nat'l R.R. Passenger Corp.*

*v. Morgan*, 536 U.S. 101, 105 (2002). Thus, the Court finds no reason to deny leave to amend to add the new allegations.

The Court notes, however, that although Plaintiffs seek to allege that Habada made racist statements toward Brown, there is no existing race discrimination claim. The Court has previously found that the § 1983 claim "primarily alleges sex discrimination in the form of sexual harassment, in violation of the Equal Protection Clause of the Fourteenth Amendment, as well as violations of Plaintiffs' constitutional rights to due process and to be free from an unreasonable seizure," and that the § 1983 claim against the Town is based on "the Town's alleged failure to investigate or correct misconduct by Maldon." *Brown*, 2026 WL 472821, at *7. Thus, while the Court will not exclude any particular allegations relating to Habada from a Second Amended Complaint, it will not permit Plaintiffs to use such allegations to assert a new claim for race discrimination.

### C. Remedy

For these reasons, the Court will grant Plaintiffs' Motion and will permit Plaintiffs to file a Second Amended Complaint that reasserts the civil conspiracy claim and includes the additional factual allegations in support of the claims that remained following the Court's ruling on the Motion to Dismiss. The Court will not, however, accept the submitted proposed Second Amended Complaint because (1) it includes text relating to counts previously dismissed by the Court's February 19, 2026 Order; and (2) it significantly exceeds the 40-page limit in Local Rule 103.1(d). Accordingly, the Court will grant leave for Plaintiffs to file a Second Amended Complaint that removes the text relating to previously dismissed counts and satisfies the 40-page limit. Any changes from the submitted proposed Second Amended Complaint are limited to deletion of material. If Plaintiffs seek to add new allegations not contained in the prior submission, the Court will rescind leave to amend.

## CONCLUSION

For the foregoing reasons, the Motion for Partial Reconsideration will be DENIED, and the Motion for Leave to File a Second Amended Complaint will be GRANTED, subject to the limitations set forth in the accompanying Order.

Date: August 19, 2026

THEODORE D. CHUANG
United States District Judge